# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Northern Division*

|  |  |  |
|---|---|---|
| **THE DAVEY TREE EXPERT CO.,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: CCB-19-1220 |
| **MOON SITE MANAGEMENT, INC.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

The Davey Tree Expert Company ("Davey") filed suit against Moon Site Management, Inc. ("Moon Site") on April 29, 2019, alleging that Moon Site failed to pay it for the landscaping and storm damage services that Davey provided under four contracts between the parties. Compl. ¶¶ 6–22, ECF No. 1. The filings in the five months that followed were one-sided. Davey filed an Affidavit of Service on May 24, 2019, asserting that on May 14, 2019, it had effected service on "Aubree Orsini, Accounting Department Specialist," who was "authorized to accept service." ECF No. 4. Davey then requested a Clerk's Entry of Default on June 25, 2019, ECF No. 5, which the Clerk entered on June 27, 2019, ECF No. 6, and it filed a Motion for Default Judgment on August 14, 2019, ECF No. 7, which the Court granted on August 29, 2019. Additionally, Davey filed a Motion for Attorney Fees and Costs on September 12, 2019, ECF No. 9, which the Court granted on September 30, 2019, ECF No. 10.

Finally, on October 8, 2019, Moon Site filed a Motion to Vacate Default Judgment and Memorandum in Support, ECF Nos. 11, 11-1, which it amended on November 5, 2019, ECF Nos.

18, 18-1.[1]  Moon Site argues that the Court should vacate the default judgment because Davey did not properly serve it with process, rendering the judgment void.  Def.'s Am. Mem. 6–8.  Moon Site also contends that, even if the judgment is not void due to improper service, Moon Site's failure to respond was a result of mistake, inadvertence, or excusable neglect.  *Id.* at 9.  Davey filed an opposition, ECF No. 22, and Moon Site filed a reply, ECF No. 23.  A hearing is not necessary.  *See* Loc. R. 105.6.

Davey's service of process was, in fact, improper, rendering the judgment void.  Thus, notwithstanding Moon Site's failure to respond to the Motion for Default Judgment, given that the resulting delay did not unfairly prejudice Davey and the Fourth Circuit has expressed a strong preference for resolving cases on the merits, I will recommend that Judge Blake grant Moon Site's Amended Motion to Vacate Default Judgment, strike the default judgment, ECF No. 8, and the order awarding attorneys' fees, ECF No. 10, and direct Davey to effect proper service on Moon Site.

### Standard of Review

Moon Site filed its Amended Motion to Vacate Default Judgment pursuant to Rule 55(c), which provides that "[t]he court may set aside . . . a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 60(b), in turn, provides that a judgment may be set aside if "the judgment is void," among other reasons.  Fed. R. Civ. P. 60(b)(4).  Moon Site relies primarily on this argument, insisting that the judgment against it is void because service of process was improper and, consequently, the Court never obtained personal jurisdiction over it.  Def.'s Am. Mem. 6–8.

A defendant seeking to set aside a judgment typically must show that "one or more of the six grounds set forth in Rule 60(b) is satisfied" and also that "its motion is timely, that it has a meritorious defense to the action, [and] that the opposing party would not be unfairly prejudiced by having the

---

[1] Judge Blake referred the motion to vacate to me.  ECF No. 19.  I denied Moon Site's original motion as moot in light of its amended motion.  ECF No. 20.

2

judgment set aside." *Hawkins v. MV Transp., Inc.*, No. PJM-15-2169, 2017 WL 5716757, at *3 (D. Md. Nov. 27, 2017) (citing *Park Corp v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1986)). For a judgment to be set aside on the ground that it is void, however, timeliness is not an issue, and the defendant does not have to establish a meritorious defense. *See Bd. of Trs. of the Int'l Union of Operating Eng'rs, Local 37 Benefit Funds v. Chesapeake Crane Serv., Inc.*, No. GLR-13-1245, 2016 WL 1253285, at *1 & n.2 (D. Md. Mar. 30, 2016) (noting that a "Rule 60(b)(4) Motion may be brought to set aside a void judgment at any time" and a "movant claiming relief under Rule 60(b)(4) need not establish a meritorious defense"); *see also Hawkins*, 2017 WL 5716757, at *4 (same). Accordingly, I will consider whether the judgment is void and whether setting it aside would unfairly prejudice Davey.

## Discussion

Moon Site's principal argument is that service was improper. Def.'s Am. Mem. 8–9. If service on Moon Site was improper, the Court lacks personal jurisdiction over Defendant, the judgment is void, and Moon Site is entitled to relief under Rule 60(b)(4). *See Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant. Moreover, any judgment entered against a defendant over whom the court does not have personal jurisdiction is void."); *see also Pennoyer v. Neff*, 95 U.S. 714, 733 (1878) (observing that, in a personal liability action, a defendant "must be brought within [the court's] jurisdiction by service of process within the State, or his voluntary appearance"); *Citibank, N.A. as trustee for Am. Mortg. Inv. Tr. 2004-3 v. Berliner*, No. JKB-17-1172, 2019 WL 3892559, at *2 (D. Md. Aug. 19, 2019) (quoting *Koehler*); *Republic Props. Corp. v. Mission W. Props., LP*, 895 A.2d 1006, 1015 (Md. 2006) ("[Maryland] Rule 2–124[] does not delimit the jurisdictional limits of Maryland courts, but rather serves as part of the service of process rules that define the procedural requirements that enable a Maryland court to obtain jurisdiction over a defendant where constitutionally permitted.").

3

To serve a corporation such as Moon Site, a plaintiff must "follow[] the state law for serving a summons in the state where the action is located or where service is made." *Clayton v. Islas Transportation, LLC*, No. PX-18-3964, 2019 WL 4805671, at *3 (D. Md. Oct. 1, 2019) (citing Fed. R. Civ. P. 4(e)(1), (h)). This action is in Maryland, and Davey asserts that it served Moon Site in Maryland. Accordingly, the Maryland Rules apply. *See id.*; Fed. R. Civ. P. 4(e)(1), (h). Maryland Rule 2-124(d) provides that "[s]ervice is made upon a corporation . . . by serving its resident agent, president, secretary, or treasurer." Md. Rules 2-124(d).

Davey filed an Affidavit of Service in which the private process server stated that he "served Moon Site Management, Inc. c/o John Pursell, Resident Agent . . . by serving Aubree Orsini, Accounting Department Specialist, authorized to accept service." Aff. of Serv., ECF No. 4; *see also* Am. Aff. of Serv., ECF No. 17-2. "A process server's filing of a proper proof of service constitutes '*prima facie* evidence of valid service of process.'" *Putt-Putt, LLC v. 416 Constant Friendship, LLC*, No. 12-3018-AW, 2013 WL 12246353, at *1 (D. Md. Feb. 13, 2013) (quoting *Ngabo v. Le Pain Quotidien*, No. DKC-11-0096, 2011 WL 978654, at *2 (D. Md. Mar. 17, 2011)).

Moon Site denies that service was proper. "'[A] mere denial of service is not sufficient' to rebut the presumption of validity"; the defendant also must provide "'corroborative evidence by independent, disinterested witnesses.'" *Bd. of Trs.*, 2016 WL 1253285, at *2 (quoting *Wilson v. Md. Dep't of Env't*, 92 A.3d 579, 587 (Md. Ct. Spec. App. 2014)). Moon Site has done so here. It has filed an affidavit from its in-house counsel and president, William Hutchins, who asserts that "only Mr. Pursell," as Moon Site's resident agent, "is authorized to accept service on MSM's behalf," unless "Mr. Pursell is unavailable or otherwise unable to accept service," in which case Hutchins is "authorized to accept service on MSM's behalf." Hutchins Aff. ¶¶ 1–2, 7–9, ECF No. 18-2. According to Hutchins, "Ms. Orsini was never authorized to accept service on MSM's behalf." Hutchins Aff. ¶ 13. Moon Site also filed an affidavit from Pursell, who made the same assertions. Pursell Aff., ECF No. 18-3.

4

These affidavits are corroborated by additional, independent evidence. Moon Site's President William Hutchins attached a copy of the page listing John Pursell as Moon Site's resident agent on the Maryland State Department of Assessments and Taxation's website. *See* Website Printout, ECF No. 18-2, at 8; Maryland Business Express, https://egov.maryland.gov/BusinessExpress/EntitySearch/ BusinessInformation/F04368445; *see also* Fed. R. Evid. 201(b)(2) (permitting the Court to take judicial notes of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Thus, the identity of Moon Site's resident agent was readily available to Davey. Indeed, Davey filed a proposed summons along with its pleading, listing Defendant as "Moon Site Management, Inc. c/o John Pursell," ECF No. 1-8, and its private process server referred to Pursell as Moon Site's resident agent, *see* Aff. of Serv.; *see also* Am. Aff. of Serv.

Notwithstanding Davey's knowledge that Pursell was Moon Site's resident agent, Davey did not serve him. Davey served Aubree Orsini, Moon Site's "Accounting Department Specialist." The process server stated that "Aubree Orsini came to the door," and he "explained to her that [he] had documents to provide for *the company*." Am. Aff. of Serv. (emphasis added). He then "showed her the documents and Aubree Orsini stated that she was authorized to accept service on behalf of *the company* as the Accounting Department Specialist." *Id.* (emphasis added). Notably, the process server did not state that he informed Ms. Orsini that he had a complaint and summons for Mr. Pursell specifically. Nor did he state that Ms. Orsini told him that she was authorized to accept service on behalf of Mr. Pursell in his capacity as Moon Site's resident agent. Without these assertions, it is not clear what led the process server to believe he could effect service on Mr. Pursell by leaving the documents with a member of Moon Site's accounting department. Ms. Orsini is not Moon Site's resident agent, president, secretary, or treasurer, and there is no evidence before me that she was authorized to accept service on behalf of Mr. Pursell in his capacity as Moon Site's resident agent. Therefore, Orsini was not authorized to accept service. *See* Md. Rule 2-124(d).

5

Certainly, if a corporation "has no resident agent or if a good faith attempt to serve the resident agent . . . has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id.* But Moon Site had a registered agent, Davey and the process server knew the agent's identity, and Davey has not shown that it made a good faith attempt to serve the resident agent before serving someone else, as Rule 2-124(d) requires. *See Ransom v. Nationstar Mortg., LLC*, No. GJH-15-1647, 2016 WL 1064454, at *2 (D. Md. Mar. 14, 2016) (noting that plaintiff has the burden of establishing validity of service in response to defendant's challenge). Therefore, service was improper. *See* Md. Rule 2-124(d). Without proper service, this Court lacks personal jurisdiction over Moon Site, and the judgment is void. *See Koehler*, 152 F.3d at 306–07; *see also Bd. of Trs.*, 2016 WL 1253285, at *3 (concluding that the judgment was void because it lacked personal jurisdiction over the individual defendant, who was not properly served, even though he "received actual notice of the action when he signed the return receipt as [the corporate defendant's] resident agent" (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

Additionally, this Court should "give some, though not controlling, consideration to the question whether the party in whose favor judgment has been entered will be unfairly prejudiced by the vacation of his judgment." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993) (quoting *Compton v. Alton Steamship Co.,* 608 F.2d 96, 102 (4th Cir. 1979)). To constitute unfair prejudice, the harm must be more than "the inevitable result whenever a judgment is vacated." *Id.*; *see also Westlake Legal Grp. v. Yelp, Inc.*, 599 F. App'x 481, 484 (4th Cir. 2015) (same). In *Gray*, the Fourth Circuit concluded that vacating a judgment would cause "no appreciable prejudice," even though the plaintiff no longer would be able to "prosecute[] its claim on the basis of . . . 'deemed admissions'" by one defendant, and that defendant's "death (after the date on which the initial discovery responses were due) deprived [the plaintiff]" of what the plaintiff viewed as "an important source of discovery."

6

*Id.* In *Westlake*, the Fourth Circuit "conclude[d] that the district court did not abuse its discretion in holding that setting aside the default judgment did not prejudice Appellants," as the appellants only had argued "generally that the passage of time caused evidence to grow stale." 599 F. App'x at 484.

This litigation began on April 29, 2019, and Moon Site filed its motion on October 8, 2019. Davey argues that "Moon's delay in filing a motion to vacate is particularly egregious given its knowledge of the potential default judgment prior to its entry." Pl.'s Opp'n 6. But less than six months had passed since the filing of the Complaint, and Davey does not contend that Moon Site's delayed action in this case caused it any prejudice. *See id.* Thus, there is no basis for me to conclude that setting aside the judgment will cause unfair prejudice to Davey. Because the judgment is void and setting aside the judgment will not unfairly prejudice Davey, Moon Site's Amended Motion should be granted. *See Bd. of Trs.*, 2016 WL 1253285, at *1 & n.2.

Even if the judgment were not void, I would still recommend that Judge Blake grant the motion. In its opposition, Davey argues that there was no mistake or excusable neglect, based on Davey's view that Moon Site was not forthright in seeking to vacate the default judgment. Pl.'s Opp'n 2–3, 6. While the details may be murky, the revisions to Moon Site's motion and supporting affidavits, filed under penalties of perjury, appear to reflect a lapse in memory, rather than intentional misstatements in court filings. *See* Fed. R. Civ. P. 11(b) (requiring attorneys to certify that their court filings, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," present "factual contentions [that] have evidentiary support"). We know now that "an attorney with which [Moon Site] has worked many times . . . reached out to Plaintiff shortly after the Motion for Default Judgment was filed, seeking to discuss a potential settlement of Plaintiff's claims," Def.'s Am. Mem. 10, yet Moon Site did not take any further action until it filed its motion to vacate, forty days after the Court issued the default judgment. For its part,

7

Moon Site acknowledges receipt of Davey's motion and characterizes its failure to respond as "an innocent miscommunication and/or misunderstanding." Def.'s Am. Mem. 3.

Moon Site's in-house counsel asserts that, as a result of the misunderstanding, he was unaware that further action was needed until he received Davey's motion for attorneys' fees and costs in mid-September 2019. Hutchins Aff. ¶¶ 17–24. He also states that Ms. Orsini, who "abruptly resigned" on May 27, 2019, did not provide him or Mr. Pursell with copies of the Complaint and summons. *Id.* ¶¶ 14–16. Through Mr. Hutchins's affidavit, Moon Site has demonstrated that its failure to respond to the pleadings in this case amounts to excusable neglect, and its motion to vacate the default judgment was reasonably prompt. Moon Site filed the pending motion forty days after the Court issued the default judgment, and this Court has found, in some circumstances, a period of "only two months . . . between the Court's granting of default and [the defendant's] motion to vacate" to reflect "reasonable promptness." *Acosta v. Vera's White Sands Beach Club, LLC*, No. PX-16-782, 2019 WL 1767147, at *3 (D. Md. Apr. 22, 2019). Additionally, Moon Site presents evidence of a meritorious defense that Davey was not paid because it failed to perform under the contract between the parties. *See* Hutchins Aff. ¶¶ 25–32 & Exs. B–D. Thus, even if the judgment were not void, I would conclude that it should be vacated. *See Hawkins*, 2017 WL 5716757, at *3.

Finally, "the Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, 'default should be avoided and that claims and defenses be disposed of on their merits.'" *Offer v. Golden Sands Club Condo., Inc.*, No. ELH-16-3695, 2017 WL 2335596, at *3 (D. Md. May 26, 2017) (quoting *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Tazco, Inc. v. Director, Office of Workers' Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989)). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Kihn v.*

8

*Vavala*, No. PX-18-2619, 2019 WL 2492350, at *2 (D. Md. June 14, 2019) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).  Accordingly, I recommend that Judge Blake grant Moon Site's motion, ECF No. 18, and vacate the default judgment, ECF No. 8, and the order on attorneys' fees, ECF No. 10.  Additionally, given that service was improper, Davey should be directed to effect proper service on Moon Site.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.

Date: <u>January 15, 2020</u>  /S/
　　　　　　　　　　　　　　　　　　　　　　　　Deborah L. Boardman
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

lyb